This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42135**

**STATE OF NEW MEXICO ex rel.,**
**HUMAN SERVICES DEPARTMENT**
**and ADRIANNA D. RUELAS,**

       Petitioners-Appellees,

v.

**RUDY G. CHAVEZ,**

       Respondent-Appellant.

**APPEAL FROM THE DISRICT COURT OF DOÑA ANA COUNTY**
**Rebecca C. Duffin, District Court Judge**

Human Services Department
Larry Heyeck
Carl Hans Muller
Las Cruces, NM

for Appellee Human Services Department

Adrianna D. Ruelas
Las Cruces, NM

Pro Se Appellee

Rudy G. Chavez
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}    Respondent appeals from the district court's order adopting a hearing officer's report and recommendation, which included a modification of child support. In this Court's notice of proposed disposition, we proposed to summarily affirm. Respondent subsequently filed two documents that we will treat as a memorandum in opposition (MIO), and which we have duly considered. Unpersuaded by Respondent's MIO, we affirm.

{2}    In his docketing statement, Respondent asserted that (1) his right to due process was violated because he was not provided a meaningful opportunity to be heard at the July 1, 2024 child support modification hearing, due to technical issues he experienced; (2) there were mathematical errors in calculating the child support payments; and (3) the district court did not consider his pending disability hearing. [DS PDF 1-4] In our notice of proposed disposition, we suggested that none of these assertions demonstrated error, and provided our rationale therein. In his MIO, Respondent did not address our proposed disposition or assert any new facts, law, or argument that persuade us that our proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Respondent to our analysis therein.

{3}    Accordingly, for the reasons stated in our notice of proposed disposition, we affirm.

{4}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**